[No. 1294.]

MUTZENBURG v. McGOWAN.

1. PRACTICE AND PLEADING—PROMISSORY NOTE.
Where a suit was brought on a promissory note and the defendant attempted the denial of its execution by an argumentative denial, the attempted denial was a deduction and not a denial that would put the execution of the note in issue. An allegation by the defendant of the execution of a note to the same party for the same amount, bearing same date and due at same time was an admission of the execution of the note sued on.

2. PRACTICE—CONTINUANCE.
An affidavit for continuance for an absent witness which fails to state that the facts cannot be proven by other witnesses is fatally defective.

3. PRACTICE—APPEAL—PRESUMPTION.

Where on appeal the bill of exception is stricken from the files the correctness of the judgment on the facts is conclusively presumed.

*Appeal from the District Court of Otero County.*

Mr. FRED SABIN, for appellant.

Mr. JAMES HOFFMIRE and Mr. G. Q. RICHMOND, for appellee.

THOMSON, P. J., delivered the opinion of the court.

Suit on a promissory note. Judgment for plaintiff. Defendant appeals. The complaint alleged the execution by the defendant, Mutzenburg, on the 30th day of November, 1888, of a promissory note to the Colorado Securities Company, for $350, due November 30, 1893; the transfer and indorsement of the note by the payee, for value and before maturity, to the plaintiff; and its nonpayment. The answer contained an argumentative denial of the execution of the note sued on; a denial of its indorsement and delivery to the plaintiff; and averred the execution by the defendant to the Colorado Securities Company of a note of the exact description of the note sued on; alleging that it was fully paid and satisfied. The supposed denial of the execution of the note was a deduction and not a denial, and did not put its execution in issue. The averment of the execution of a note to the same payee, bearing the same date, for the same amount, and due at the same time, as the note sued on, amounted to an admission of the execution of the latter note. The replication denied payment of the note, and its payment was the only issue in the case.

Before trial the defendant moved for a continuance of the cause on the ground of the absence of a material witness, supporting the motion by his affidavit. The court denied the continuance, and its ruling is assigned for error. The showing was insufficient, and the refusal of the continuance

was not error.   For aught that the affidavit disclosed, there may have been a dozen witnesses by whom the same facts to which it was said the absent witness would testify, could have been proven.

In this court the defendant's bill of exceptions was, on plaintiff's motion, stricken from the files.   The evidence is therefore not before us, and the correctness of the judgment upon the facts is conclusively presumed.   An affirmance necessarily follows.

Curiosity has led us to look over the evidence, notwithstanding it was expunged from the record; and we are at some loss to conjecture why the plaintiff wanted the bill of exceptions stricken out.   The evidence shown by it was conclusive against the defendant, and would have compelled us to affirm the judgment without a resort to presumptions.

*Affirmed.*